1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JENEA CHANCE, | Case No. 1:24-cv-00709-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT IN PART RESPONDENT'S MOTION TO DISMISS |
| v. | |
| A. DE LA CRUZ, | (ECF No. 9) |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.

### BACKGROUND

Petitioner was convicted in the Kern County Superior Court of first-degree murder and sentenced to an imprisonment term of fifty years to life. (ECF No. 1 at 1[1]; LD[2] 1.) On January 27, 2023, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.) On April 12, 2024, the California Supreme Court denied the petition for review. (LDs 3, 4.) Petitioner did not file any state post-conviction collateral actions in the California Supreme Court. (ECF No. 9 at 1.)

On June 18, 2024, Petitioner filed a federal petition for writ of habeas corpus, raising the following claims for relief: (1) prosecution's failure to disclose evidence favorable to defense;

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on August 22, 2024. (ECF No. 10.)

1

(2) ineffective assistance of counsel; (3) improperly suggestive witness identification procedures; and (4) sufficiency of the evidence. (ECF No. 1.) On August 22, 2024, Respondent filed a motion to dismiss the petition because the sufficiency of the evidence claim is unexhausted. (ECF No. 9.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)). "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

In the motion to dismiss, Respondent asserts that Petitioner's sole filing in the California Supreme Court—a petition for review—did not raise a sufficiency of the evidence claim. (ECF

No. 9 at 2.) Respondent has lodged state court records that demonstrate Petitioner only presented her claims regarding the prosecution's failure to disclose evidence favorable to defense, ineffective assistance of counsel, and improperly suggestive witness identification procedures. (LD 3.) Given that Petitioner has not sought relief in the California Supreme Court with respect to her sufficiency of the evidence claim, this Court cannot proceed to the merits of said claim. 28 U.S.C. § 2254(b)(1).

**B.  "Mixed" Petition**

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

Here, Respondent contends that "[u]nless Petitioner establishes that a stay is appropriate, the petition must be dismissed." (ECF No. 9 at 2.) Given Petitioner's failure to respond to the motion to dismiss, it is not clear how Petitioner would like to proceed with her mixed petition. In the interest of justice, the Court recommends allowing Petitioner to proceed with her exhausted claims rather than dismissing the entire petition.[3]

///

///

---

[3] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be GRANTED IN PART;

2. Petitioner's unexhausted sufficiency of the evidence claim be DISMISSED WITHOUT PREJUDICE; and

3. Petitioner be allowed to proceed with the exhausted claims regarding the prosecution's failure to disclose evidence favorable to defense, ineffective assistance of counsel, and improperly suggestive witness identification procedures.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 5, 2024**

UNITED STATES MAGISTRATE JUDGE