# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JENEA CHANCE,<br><br>Petitioner,<br><br>v.<br><br>A. DE LA CRUZ,<br><br>Respondent. | Case No. 1:24-cv-00709-JLT-SAB-HC<br><br>ORDER VACATING NOVEMBER 5, 2024 FINDINGS AND RECOMMENDATION<br><br>AMENDED FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AND GRANT PETITIONER'S MOTION TO STAY<br><br>(ECF Nos. 9, 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner was convicted in the Kern County Superior Court of first-degree murder and sentenced to an imprisonment term of fifty years to life. (ECF No. 1 at 1[1]; LD[2] 1.) On January 27, 2023, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.) On April 12, 2024, the California Supreme Court denied the petition for review. (LDs 3, 4.) Petitioner did not file any state post-conviction collateral actions in the California Supreme Court. (ECF No. 9 at 1.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on August 22, 2024. (ECF No. 10.)

On June 18, 2024, Petitioner filed a federal petition for writ of habeas corpus, raising the following claims for relief: (1) prosecution's failure to disclose evidence favorable to defense; (2) ineffective assistance of counsel; (3) improperly suggestive witness identification procedures; and (4) sufficiency of the evidence. (ECF No. 1.) On August 22, 2024, Respondent filed a motion to dismiss the petition because the sufficiency of the evidence claim is unexhausted. (ECF No. 9.) No opposition or statement of non-opposition had been filed, and on November 5, 2024, the Court issued findings and recommendation to grant Respondent's motion to dismiss in part and dismiss without prejudice the sufficiency of the evidence claim. (ECF No. 12.)

On December 3, 2024, Petitioner filed a notice wherein she informed the Court that she did not receive the motion to dismiss. (ECF No. 13.) Accordingly, the Court mailed Petitioner a copy of the motion to dismiss and set a briefing schedule. (ECF No. 14.) On December 26, 2024, Petitioner filed her response to the motion to dismiss. (ECF No.15.)

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory

on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)). "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

In the motion to dismiss, Respondent asserts that Petitioner's sole filing in the California Supreme Court—a petition for review—did not raise a sufficiency of the evidence claim. (ECF No. 9 at 2.) Respondent has lodged state court records that demonstrate Petitioner only presented her claims regarding the prosecution's failure to disclose evidence favorable to defense, ineffective assistance of counsel, and improperly suggestive witness identification procedures. (LD 3.) Petitioner states that she thought she had exhausted state judicial remedies by submitting a state habeas petition on March 24, 2024, that was denied on April 22, 2024. (ECF No. 13 at 2.) Petitioner does not provide a copy of the state petition, and it is unclear to which state court the petition was submitted. However, Petitioner later informs the Court that she "plan[s] to submit Ground Four, claiming insufficient evidence to the California Supreme Court," which suggests that the state habeas petition was not filed in the California Supreme Court. (ECF No. 15.) Given that it appears Petitioner has not sought relief in the California Supreme Court with respect to her sufficiency of the evidence claim, this Court cannot proceed to the merits of said claim. 28 U.S.C. § 2254(b)(1).

**B.  "Mixed" Petition**

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A

1    petitioner may also move to withdraw the entire petition and return to federal court when he has

2    finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and

3    hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber,

4    544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

5            Respondent contends that "[u]nless Petitioner establishes that a stay is appropriate, the

6    petition must be dismissed." (ECF No. 9 at 2.) Petitioner asks that the Court not dismiss her case

7    and that she plans to submit her unexhausted sufficiency of the evidence claim to the California

8    Supreme Court. (ECF No. 15.) The Court construes this language as a request to stay the instant

9    proceeding while Petitioner exhausts her state judicial remedies. See Bernhardt v. Los Angeles

10   County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and

11   motions liberally).

12        **C. Stay and Abeyance**

13           Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in

14   limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the

15   unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally

16   engage in dilatory litigation tactics. 544 U.S. at 277–78. "The caselaw concerning what

17   constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker,

18   847 F.3d 714, 720 (9th Cir. 2017). "The Supreme Court has addressed the issue only once, when

19   it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely

20   will ordinarily constitute 'good cause' for him to file in federal court.'" Blake v. Baker, 745 F.3d

21   977, 980 (9th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[3] The Ninth

22   Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary

23   circumstances,' Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), but that a petitioner must

24   do more than simply assert that he was 'under the impression' that his claim was exhausted,

25   Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)." Dixon, 847 F.3d at 720.

---

26   [3] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to
27   exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly
     filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and
     asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544
28   U.S. at 416 (citations omitted).

1     "A petitioner who is without counsel in state postconviction proceedings cannot be
2     expected to understand the technical requirements of exhaustion and should not be denied the
3     opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon,
4     847 F.3d at 720. Thus, the Ninth Circuit has found that for federal habeas petitioners who
5     conducted their state post-conviction proceedings pro se, "the first element of the Rhines test can
6     easily be established to the extent that they were without counsel." Dixon, 847 F.3d at 722. As it
7     appears that Petitioner has been conducting her state post-conviction proceedings pro se, (ECF
8     Nos. 13, 15), the Court finds that Petitioner has satisfied Rhines's good cause requirement.

9     "A federal habeas petitioner [also] must establish that at least one of his unexhausted
10    claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722.
11    "In determining whether a claim is 'plainly meritless,' principles of comity and federalism
12    demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly
13    clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d
14    614, 624 (9th Cir. 2005)).

15    With regard to the unexhausted claim, the petition states: "Prosecutors case was so
16    lacking that it should not have been submitted to the jury. The suggestive interviews, discovery
17    violations, and improper presentation of excluded evidence verify that the ruling was lacking in
18    justification." (ECF No. 1 at 10.) The Supreme Court has held that when reviewing a sufficiency
19    of the evidence claim, a court must determine whether, viewing the evidence and the inferences
20    to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could
21    find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
22    307, 319 (1979). Here, Petitioner has not provided sufficient factual allegations in the petition to
23    demonstrate that her unexhausted sufficiency of the evidence claim is potentially meritorious.
24    For example, Petitioner does not provide any factual allegations regarding what excluded
25    evidence was improperly presented. Accordingly, Petitioner is not entitled to a Rhines stay.

26    Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), a three-step procedure is used: (1)
27    the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion
28    stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the

opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. Kelly, 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009). Accordingly, the Court recommends that Petitioner be allowed to proceed with the Kelly procedure.

**IV.**

**ORDER & RECOMMENDATION**

Based on the foregoing, the Court HEREBY ORDERS that the findings and recommendation issued on November 5, 2024 (ECF No. 12) is VACATED.

Further, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be DENIED; and

2. Petitioner be allowed to proceed with the procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2025**

STANLEY A. BOONE
United States Magistrate Judge