# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JENEA CHANCE,<br><br>    Petitioner,<br><br>    v.<br><br>A. DE LA CRUZ,<br><br>    Respondent. | No. 1:24-cv-00709 JLT SAB (HC)<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, ALLOWING PETITIONER TO PROCEED WITH *KELLY* PROCEDURE, AND DIRECTING PETITIONER TO FILE AMENDED PETITION<br><br>(Docs. 9, 12, 16) |

Leslie Jenea Chance is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 29, 2025, the magistrate judge issued amended findings and recommendations recommending that Respondent's motion to dismiss be denied and Petitioner be allowed to proceed with a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). (Doc. 16.) Respondent filed timely objections. (Doc. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis.

As the magistrate judge stated in the findings and recommendations:

> Under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. *Kelly*, 315 F.3d at 1070–71 (citing *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of *Kelly*'s three-step procedure, however, is subject to the requirement of *Mayle v. Felix,* 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009).

(Doc. 16 at 5–6.)

In the objections, Respondent argues that a *Kelly* stay is futile because the unexhausted insufficient evidence claim is not potentially meritorious. (Doc. 17 at 3.) The magistrate judge found that "Petitioner ha[d] not provided sufficient factual allegations in the petition to demonstrate that her unexhausted sufficiency of the evidence claim is potentially meritorious. For example, Petitioner does not provide any factual allegations regarding what excluded evidence was improperly presented." (Doc. 16 at 5.) Although the petition currently before the Court may not have sufficient factual allegations set forth in Ground Four to demonstrate that the unexhausted claim is meritorious, there are minimally sufficient facts alleged that the claim is *potentially* meritorious[1]. The *Kelly* procedure allows a petitioner to amend the petition once the claim has been exhausted in state court, thereby providing Petitioner with an opportunity to address the deficiency of failing to allege sufficient factual allegations.

Respondent also argues that a *Kelly* stay is futile because the unexhausted claim is untimely. (Doc. 17 at 4.) "Because the federal limitation period has already expired, when Petitioner seeks to amend her federal petition with the newly exhausted insufficient evidence

---

[1] Petitioner noted in Ground One that the prosecution withheld "six of the thirteen recorded interviews," which, she asserts, will show that investigators used techniques that encouraged false identification of the true culprit. (Doc. 1 at 5) The petition, in Count Two indicates that the prosecutors were precluded from presenting "Diana's and Jessica's statements." (Doc. 1 at 7)

claim, she will have to show that her claim relates back to the claims raised in the original, timely filed federal petition." (*Id.*) Respondent contends that the unexhausted "insufficient evidence claim does not share a common core of facts with the other claims—the claims involve facts that differ in both time and type and involve different actors." (*Id.* at 5.)

Federal Rule of Civil Procedure 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).[2] The Supreme Court has held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Rather, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 659 (internal quotation marks and citations omitted).

In Ground Four, "Insufficient evidence to convict," the petition states: "Prosecutors case was so lacking that it should not have been submitted to the jury. The suggestive interviews, discovery violations, and improper presentation of excluded evidence verify that the ruling was lacking in justification." (Doc. 1 at 10.) The three exhausted claims raised in the petition are: (1) failure of the prosecution to disclose favorable evidence (six recorded interview where suggestive procedures were used); (2) ineffective assistance of counsel for failure to object to admission of previously excluded evidence of two witnesses' statements; and (3) improperly suggestive identification procedures. (*Id.* at 5, 7, 8.) The factual basis of the unexhausted Ground Four includes suggestive interviews, which is also the factual basis for exhausted Ground Three. On the record currently before the Court, the Court cannot say that the unexhausted claim is not timely. Accordingly, the Court **ORDERS**:

1. The amended findings and recommendations issued on January 29, 2025 (Doc. 16) are **ADOPTED IN FULL**.

---

[2] "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

2. Respondent's motion to dismiss (Doc. 9) is **DENIED**.

3. Petitioner is allowed to proceed with the procedure set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

4. Within **30 days** of the date of service of this order, Petitioner is DIRECTED to file an amended petition for writ of habeas corpus **deleting her unexhausted Ground Four**.[3] Thereafter, the Court will stay the proceedings to allow her to exhaust her unexhausted claim in state.

**Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).**

IT IS SO ORDERED.

Dated:  **August 29, 2025**

UNITED STATES DISTRICT JUDGE

---

[3] The court is aware that Petitioner has lodged an amended petition (Doc. 19). This petition, however, persists in alleging the unexhausted Ground Four. As noted in the findings and recommendations, the Court cannot stay a "mixed petition," which is a petition containing both exhausted and unexhausted claims. Rather, it would be obligated to dismiss the petition.

4