# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JENEA CHANCE,<br><br>Petitioner,<br><br>v.<br><br>A. DE LA CRUZ,<br><br>Respondent. | Case No. 1:24-cv-00709-JLT-SAB-HC<br><br>ORDER REGARDING EXHAUSTION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 29, 2025, the Court denied Respondent's motion to dismiss and allowed Petitioner to proceed with the procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF No. 20.) On September 24, 2025, Petitioner filed a first amended petition ("FAP") containing only exhausted claims. (ECF No. 21.)

On September 25, 2025, the Court stayed the instant proceedings pending exhaustion of state remedies and ordered Petitioner to file a status report within thirty days and every ninety days thereafter. (ECF No. 22.) The Court also ordered that within thirty days following the final order of the state courts, Petitioner must file an amended petition including all exhausted claims. (Id.)

On December 4, 2025, Petitioner lodged an amended petition asserting four claims for relief, including the previously unexhausted Ground Four. (ECF No. 25.) As this Court has

1

previously noted, a petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court—in this case, the California Supreme Court—with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Upon review of California's Appellate Courts Case Information website, it appears that Petitioner has not filed a state habeas petition with the California Supreme Court.[1] Thus, Petitioner must inform the Court whether Ground Four has been presented to the *California Supreme Court*,[2] and if possible, provide this Court with a copy of: (1) the petition filed in the California Supreme Court that includes Ground Four and a file stamp showing that the petition was indeed filed in the California Supreme Court; and (2) the California Supreme Court's order regarding said petition.

Accordingly, IT IS HEREBY ORDERED that within **THIRTY (30) days** of the date of service of this order, Petitioner SHALL file **either**: (a) a copy of her petition filed in the California Supreme Court that includes Ground Four and the California Supreme Court's order regarding said petition; or (b) a status report regarding whether she has presented Ground Four to the California Supreme Court.

IT IS SO ORDERED.

Dated:  **December 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] Appellate Courts Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Last Name" for "Chance" and "First Name" for "Leslie") (last visited Dec. 8, 2025). See Fed. R. Evid. 201(b)(2); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Worthy v. Hartley, No. 1:09-cv-01867-JLT HC, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

[2] It appears that Petitioner has filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition.

2